**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AGUSTIN FIGUEROA, JR., ANTONIA SCALISSE FIGUEROA,**

        **Plaintiffs,**

**-vs-**          **Case No. 6:08-cv-830-Orl-19KRS**

**POINCIANA ASSOCIATION,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)**
>
> **FILED:** **May 27, 2008**

Before considering the motion to proceed *in forma pauperis* filed by Plaintiffs Agustin Figueroa, Jr., and Antonia Scalisse Figueroa, the Court is required to consider whether their complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* Local Rule 4.07; *Hamaas v. Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In the complaint, the Figueroas allege that Poinciana Association, which appears to be a homeowners' association, violated unspecified constitutional and civil rights. The Figueroas allege specifically that Poinciana Association trespassed on their property, failed to provide security, denied requested permits, and refuse to allow them to fix or repair an automobile in their driveway. They do not cite any specific constitutional right or federal law that Poinciana Association allegedly violated by these acts. As such, the allegations are insufficient for the Court to determine whether it can exercise subject matter jurisdiction in this case.

Accordingly, I recommend that the Court **DISMISS** the complaint without prejudice and **DENY** the Application to Proceed without Prepayment of Fees, doc. no. 2. I further recommend that the Court give the Figueroas eleven days from the date of its ruling on this Report and Recommendation to file an amended complaint, if jurisdiction over their claims exists in this Court.

In amending, the Figueroas must name as defendants only those persons who are responsible for the alleged violations. They must state specifically the rights under the

Constitution, laws, or treaties of the United States that they allege have been violated. It is improper for the Figueroas merely to list constitutional and civil rights generally. The Figueroas must provide facts to support the claimed violations.

If the Figueroas intend to allege a <u>number</u> of <u>related</u> claims, then they must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint.

An individual may only file a complaint on his own behalf. Therefore, both Augustin Figueroa and Antonia Scalisse Figueroa must sign the amended complaint. Each of them must file a separate petition to proceed without prepayment of fees with the amended complaint, if they wish to proceed *in forma pauperis*.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the Figueroas at their address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy